IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE V. CHAVEZ and PAUL F. WEINBAUM,

      Plaintiffs,

vs.                                                                                  Civ. No. 03-1043 JP/LAM

LAS CRUCES PUBLIC SCHOOLS;
LOUIS MARTINEZ as Superintendent
of the Las Cruces Public Schools; and
CHARLES DAVIS, LEONEL BRISENO;
GENE GANT, JOHN SCHWEBKE, and
SHARON WOODEN as School Board Members
of the Las Cruces Public Schools.

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On December 9, 2003, Defendants Louis Martinez, Chuck Davis, Leonel Briseno, Gene

Gant, John Schwebke, and Sharon Wooden filed a Motion to Dismiss Defendants Louis Martinez,

Chuck Davis, Leonel Briseno, Gene Gant, John Schwebke, and Sharon Wooden (Doc. No. 9).

Having reviewed the briefs and relevant law, the Court determines that the motion to dismiss

should be granted in part and that the Plaintiffs' claims against Defendant Martinez in his official

capacity should be dismissed with prejudice.

A.  Background

This is a First Amendment civil rights action brought under 42 U.S.C. §1983.  The *pro se*

Plaintiffs allege that the Defendants violated the Establishment Clause of the United States

Constitution by portraying three crosses on the Las Cruces Public Schools' maintenance vehicles,

allowing a statue incorporating three crosses to adorn the grounds of the Las Cruces Public

Schools' Sports Complex, and by having a school policy which allows the Las Cruces Public

Schools to portray three crosses on its maintenance vehicles and incorporate three crosses in its statuary.  The Plaintiffs are suing the Las Cruces Pubic Schools, the Superintendent of the Las Cruces Public Schools (Martinez) and the individual members of the Las Cruces School Board (Davis, Briseno, Gant, Schwebke, and Wooden, collectively, "the School Board Defendants"). Defendants Martinez, Davis, Briseno, Gant, Schwebke, and Wooden (collectively, "the individual Defendants") are being sued only in their official capacities.  The Plaintiffs seek injunctive relief.

B.  Discussion

The individual Defendants move to dismiss the Plaintiffs' claims against them for two reasons.  First, the individual Defendants argue that the Plaintiffs did not make any factual allegations against them in their official capacities.  Second, the individual Defendants argue that since the Plaintiffs are suing them in their official capacities, the real party in interest is the Defendant Las Cruces Public Schools and the lawsuit against the individual Defendants is  merely redundant.  The Plaintiffs in their response brief (Doc. No. 13), filed December 18, 2003, agree to dismiss their claims against Defendant Martinez in his official capacity but oppose the dismissal of their claims against the School Board Defendants.

1.  Standard of Review

The individual Defendants do not cite the Federal Rule of Civil Procedure they are relying on as a basis for their motion to dismiss.  Since the parties do not cite to any materials outside the complaint to argue their positions with respect to this motion to dismiss, the Court will treat the motion to dismiss as one brought under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  In considering a Rule 12(b)(6) motion to dismiss, the court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all

reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A court is likewise required to liberally construe a *pro se* plaintiff's pleadings; however, mere conclusory allegations will not support a claim without supporting factual averments. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). The court is not obliged to craft legal theories for the *pro se* plaintiff nor may the court supply factual allegations to support a *pro se* plaintiff's claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2. Factual Allegations Against the School Board Defendants

The School Board Defendants argue first that the Plaintiffs have failed to allege facts showing that they committed any unlawful acts in their official capacities. Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-91 and n.55 (1978), local officials can be sued in their official capacities for alleged §1983 constitutional violations if the plaintiff can show that the alleged unconstitutional actions of the local officials stemmed from an officially executed policy, ordinance, regulation, or decision or from a custom or practice. The Plaintiffs' complaint states at ¶11:

> The Plaintiffs have previously voiced concerns regarding the use of these religious symbols. [sic] and the lack of enforcement of School Policy. The most recent concern was stated in a letter dated June 5, 2003, and sent to Superintendent Martinez and all School Board Members. Request for response was made at that time. A follow-up phone call was also placed in July. To date, there has been no response from Mr. Martinez or the School Board Members.

The Plaintiffs also note at ¶14 of the complaint that the School Board Defendants "are responsible

for enforcing and upholding the school policies as written."  Construing the Plaintiffs' complaint liberally, the Court concludes that the Plaintiffs have made sufficient factual allegations that the School Defendants' official actions led to the alleged violations of the Establishment Clause.

    3.  The Real Party in Interest

    Second, the School Defendants argue that the Plaintiffs' claims should be dismissed against them in their official capacities as redundant because the real party in interest is the Defendant Las Cruces Public Schools.  "An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works."  *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998)(citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).  Accordingly, "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond."  *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).  In other words, "[o]fficial capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky*, 473 U.S. at 165 (quoting *Monell*, 436 U.S. at 690 and citing *Brandon*, 469 U.S. at 471-72).  Consequently, when local officials are sued only in their official capacities, as in this case, the lawsuit is treated as a suit against the local governmental entity which employs the local officials.  *See Vialpando v. Ritter*, 1995 WL 228246 *1 (10th Cir. 1995).

    "[A] §1983 action appropriately is pleaded against a [local governmental entity] either by naming the [entity] itself or by naming [the entity's official] in his or her official capacity.  Naming either is sufficient.  Naming both is redundant."  *Stump v. Gates*, 777 F.Supp. 808, 816 n.3 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993)(citations omitted).  In this case, by naming the

School Board Defendants in their official capacities, the Plaintiffs have in reality sued the entity they work for, i.e., the Las Cruces School Board.   The Court notes that the Las Cruces School Board is an entity distinct from Defendant Las Cruces Public Schools.  The Plaintiffs are, therefore, effectively suing the Las Cruces School Board in addition to the Defendant Las Cruces Public Schools.  Accordingly, the School Board Defendants' argument that the real party in interest is Defendant Las Cruces Public Schools is without merit.

IT IS ORDERED that:

1.  the Motion to Dismiss Defendants Louis Martinez, Chuck Davis, Leonel Briseno, Gene Gant, John Schwebke, and Sharon Wooden (Doc. No. 9) is denied as to Defendants Davis, Briseno, Gant, Schwebke and Wooden, and is granted as to Defendant Martinez; and

2.  the Plaintiffs' claims against Defendant Martinez in his official capacity will be dismissed with prejudice.

_____

SENIOR UNITED STATES DISTRICT JUDGE