IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**JESSE V. CHAVEZ AND PAUL WEINBAUM,**

      **Plaintiffs,**

vs.                                          No. CIV 03-1043 RB/LAM

**LAS CRUCES PUBLIC SCHOOLS;
CHARLES DAVIS, LEONEL BRISENO,
GENE GANT, JOHN SCHWEBKE,
SHARON WOODEN as School Board Members
of Las Cruces Public Schools,**

      **Defendants.**


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Plaintiffs' Motion for Recusal (Doc. 82), filed on December 2, 2005. Jurisdiction arises under 28 U.S.C. § 1331. Having reviewed the motion, response, relevant law, and being otherwise fully advised, I find that this motion should be denied.

**I. Background.**

Plaintiffs[1] filed this action pro se on September 9, 2003. In their Complaint, Plaintiffs allege, pursuant to 42 U.S.C. § 1983, that Defendants Las Cruces Public Schools (hereinafter "LCPS"), as well as co-defendants Chuck Davis, Leonel Briseno, Gene Gant, John Schwebke and Sharon Wooden (LCPS School Board Members), violated the Establishment Clause by: (1) affixing an emblem that

---

[1] Weinbaum was advised at the November 10, 2005 status conference that he may not, as a pro se Plaintiff, appear on behalf of Jesse Chavez or any other person.

features three Latin Crosses along with the phrases "Las Cruces Public Schools" and "For Official Use Only" to thirty-five maintenance vehicles; (2) installing a sculpture that depicts three stylized Latin Crosses outside the LCPS sports complex; and (3) adopting an inadequate religious instruction policy for schools in the LCPS.

On December 2, 2005, Plaintiffs filed a motion for recusal pursuant to 28 U.S.C. § 455(a) because Plaintiffs believe "an atmosphere of questionable impartiality and bias exists." *See* Pls.' Mot. for Recusal at 1. The following allegations in support of their request for recusal are taken directly from Plaintiffs' motion:

    a.    Religious symbols in Judge Brack's chambers where they can be seen by visitors and staff . . .
    b.    Gatherings of staff and others in chambers for religious prayers. . .
    c.    Resignation of a staff member as a result of the untenable religious atmosphere or prayer meetings.
    d.    Support for a local, private church-sponsored school where at least one close relative is a student . . .
    e.    Reference to a deity during sentencing proceedings and suggesting the prisoners seek guidance from a deity for their own rehabilitation . . .
    f.    Plaintiffs believe that the Court's discussion to combine the simpler . . . Las Cruces Public Schools case, CIV 03-1043 RB/LAM, with the . . . City of Las Cruces case, CIV 05-0996 RB/LAM, only gives sustenance to the Defendants in both cases that their religious beliefs will prevail over the law . . .
    g.    During the [status conference on September 28, 2005], Judge Brack indicated to the Plaintiffs that their Motion for Temporary Restraining Order against the Las Cruces Public Schools had been received by the Court and "there were some problems with it . . . "
    h.    In the Order of September 29, 2005 denying the Motion for Temporary Restraining Order against the Las Cruces Public Schools, Plaintiffs believe that the Court communicated to the Defendants that they would prevail.

*See* Pls.' Mot. for Recusal at 2-3.

**II. Standard for Pro Se Litigants.**

As pro se litigants, Plaintiffs are entitled to a liberal reading of their pleadings and their submissions are held to a less stringent standard than that applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, the Court may not assume the role of advocate for pro se litigants, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se litigants must follow the same rules of procedure that govern other litigants. *Okla. Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

**III. Discussion.**

A federal judge must recuse from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[2] The Tenth Circuit has stressed that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986). "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

---

[2] 28 U.S.C. § 144 provides for recusal if additional procedural requirements are satisfied and the moving party proves actual bias. Section 144 provides that if the challenged judge determines the required affidavit is timely and legally sufficient, a different judge determines the actual bias issue. *See* 28 U.S.C. § 144. Plaintiffs have not invoked Section 144, or followed its requirements. Section 144 requires a higher showing of actual bias, rather than a reasonable appearance of bias as required by Section 455. *Compare* 28 U.S.C. § 144, *with* 28 U.S.C. § 455. Thus, because Plaintiffs are not entitled to relief under Section 455, they would not be entitled to relief under § 144.

The § 455 standard is purely objective. *Cooley*, 1 F.3d at 993. "The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id*. The solution depends on whether "a reasonable *factual* basis exists for calling the judge's impartiality into question." *Id*. (emphasis added). If the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal. *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). The standard of appellate review is abuse of discretion. *Cooley*, 1 F.3d at 993.

**A.  Baseless Allegations.**

Many of Plaintiffs' allegations in support of their motion for recusal have no basis in fact. Indeed, Plaintiffs recognize that their allegations are not based on personal knowledge. *See* Pls.' Mot. for Recusal at 2. It appears that Plaintiffs' information was gleaned from hearsay. Given that the Plaintiffs are laboring under false and misleading information, Plaintiffs' concerns may be understandable. Accordingly, in an effort to allay Plaintiffs' concerns, I will set the record straight.

Plaintiffs assert that one of my staff resigned "as a result of the untenable religious atmosphere or prayer meetings." *See* Pls.' Mot. for Recusal at 2. I have been a federal judge for less than three years. I have only two *former* staff members. Both individuals were one-year term clerks, and both completed their one-year terms. To be clear, none of my staff has ever resigned for any reason. Plaintiffs allege that I gather staff and others in my chambers for group prayers. This allegation is similarly in error. No such gathering for group prayer has ever occurred.

It is true that a close relative attends a private school. However, the private school is not, as Plaintiffs assert, church-sponsored and my financial support is limited to the payment of tuition and fees. Plaintiffs allege that the private school was involved in a case of promoting religious beliefs in a LCPS school in 2003, and that the report of the incident was included as an exhibit. On the record

4

before me, Plaintiffs' allegations are simply wrong. Review of the exhibit establishes that the private school had no obvious connection to the 2003 incident.

Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters are insufficient to warrant recusal. *Cooley*, 1 F.3d at 994. There is no factual predicate in this case to substantiate a conclusion that my impartiality might reasonably be questioned based on Plaintiffs' mistaken allegations. Thus, these allegations provide no basis for recusal.

**B.      Personal Beliefs.**

It is true that I am a Christian. The Tenth Circuit has, however, consistently held that religious beliefs of a judge do not create sufficient appearance of bias to require recusal. *See In re McCarthey,* 368 F.3d 1266, 1270 (10th Cir. 2004); *Bryce v. Episcopal Church*, 289 F.3d 648, 659-60 (10th Cir. 2002); *Singer v. Wadman*, 745 F.2d 606, 608 (10th Cir. 1984). As Judge Paul J. Kelly, Jr. aptly observed in *McCarthey*:

> Religious freedom is one of the Constitution's most closely guarded values. The First Amendment prohibits congressional action respecting an establishment of religion, or prohibiting its free exercise. Article VI, clause 3, provides that all governmental officers be bound by an oath to support the Constitution, and that "no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States." Should we require federal judges to disclose the firmness of their beliefs in religious doctrine, it is a very fine line before we enter the "business of evaluating the relative merits of differing religious claims."

*In re McCarthey,* 368 F.3d at 1270 (quoting, respectively, *Torcaso v. Watkins*, 367 U.S. 488, 491-92 (1961); U.S. CONST. art. IV. cl. 3; *United States v. Lee*, 455 U.S. 252, 263 n. 2 (1982) (Stevens, J., concurring)).

In my personal chambers, I display many items, including symbols relating to Christianity,

Judaism, and Buddhism. After sentencing, I often engage individual defendants with a personal dialogue. During these dialogues, I often refer to the Apostle Paul as an example of an imprisoned person who used his time in prison in a very positive way. I thereafter challenge the defendants to make positive use of their time in prison. My decisions are, however, always based on the law and not on religious doctrine. My goal is to inspire criminal defendants to learn from their experience and to make choices that will positively impact their future.

I find a disturbing inconsistency in Plaintiffs' effort to seek redress for purported entanglement issues and, in the process, subject the assigned judge to a religious test. Plaintiffs protest alleged entanglement of religion and state, yet they seek to do that which I have not done; interject my faith into this case. My personal faith has not and never will prevent me from honoring my oath of office.

When assessing a request for recusal, the question is whether a "reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Nichols*, 71 F.3d at 352. The parties are entitled to a fair and impartial judge; not a judge of their own choosing. My religious faith, the diverse religious symbols displayed in my personal office, and my post-sentence comments to criminal defendants should not cause a reasonable person to doubt my impartiality in this case.

Finally, I fear that honoring Plaintiffs' request that I recuse will grant Plaintiffs license to investigate the next sitting judge's faith, religious practices and denominational affiliation. Surely, this is a path we should not travel.

**C.     Judicial Rulings.**

The balance of Plaintiffs' grounds for disqualification are judicial rulings and my stated intention to run the two cases on parallel case management tracks. Judicial rulings almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555

6

(1994). Rulings are proper grounds for appeal, not for recusal. *Id*. Similarly, a judge's ordinary efforts at courtroom administration are immune. *Id*. The fact that a litigant is dissatisfied with a judge's performance or rulings in a particular case is not a valid ground for recusal. *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).

At the status conference, I expressed my intention to consider CIV 05-996 RB/LAM and the instant case on parallel case management tracks because they share common factual and legal issues. Plaintiffs implicitly acknowledged this commonality when they agreed that the same Rule 706 expert may provide information on the history of Las Cruces in both cases. I do not intend to consolidate the cases.

It bears mention, that in my September 29, 2005 Order denying temporary injunctive relief, I stated that Plaintiffs' motion contained no indicia of substantial certainty that they would prevail on the merits. This language was not of my own making, but was based on citation to Tenth Circuit case law. The Order speaks for itself.

Plaintiffs' allegations of bias reflect a lack of understanding of the legal process and over-sensitivity. Although Plaintiffs may be unhappy with my rulings or case management efforts, these decisions do not warrant disqualification.

**IV.  Conclusion.**

On these facts, the question of whether § 455(a) requires disqualification is not a close one. The motion will be denied.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Recusal (Doc. 82), filed on December 2, 2005, is **DENIED.**

*Robert Brack*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**