## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAUL F. WEINBAUM,            )
                             )
            **Plaintiff,**      )
                             )
vs.                        )      **NO. CV 03-1043 RB/LAM**
                             )
LAS CRUCES PUBLIC SCHOOLS,    )
CHARLES DAVIS, LEONEL BRISENO,   )
GENE GANT, JOHN SCHWEBKE,     )
SHARON WOODEN, as School Board Members )
of Las Cruces Public Schools,      )
                             )
            **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Defendants' Motion for Award of Attorney's Fees (Doc. 180), filed on January 3, 2007, and Defendants' Motion to Tax Costs (Doc. 179), filed on January 3, 2007. Having reviewed the submissions of the parties, and being otherwise fully advised, I rule on these motions as follows.

## I.    Background.

The facts and issues of this civil rights matter are familiar to the parties and will not be repeated herein. By Memorandum Opinion and Order (Doc. 152) of November 9, 2006, I granted in part and denied in part Defendants' Motion for Summary Judgment, and denied Plaintiff's Motion for Summary Judgment. The remaining issues were tried to the bench on November 27, 2006. The Memorandum of Decision (Doc. 177) and Judgment (Doc. 178) were issued, in favor of Defendants and against Plaintiff, on December 7, 2006.

Defendants request an award of attorney fees as prevailing defendants and Rule 11 sanctions with respect to certain motions filed by Plaintiff.

## II.     Discussion.

### A.     Defendants' Motion for Attorney's Feeds will be denied.

#### 1.     Request for Attorney's Fees Pursuant to 42 U.S.C. § 1988(b).

In a civil rights action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of its costs." 42 U.S.C. § 1988(b). "'[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Browder v. City of Moab*, 427 F.3d 717, 721 (10th Cir. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). Conversely, "prevailing *defendants* are only to be awarded attorney's fees when the plaintiff's claim is frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Id.* (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422 (1978) (Title VII of the Civil Rights Act of 1964 claim)) (emphasis added); *see also Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (42 U.S.C. § 1983 claim) (finding the *Christiansburg* standard applicable in the § 1983 context).

The standard for awarding fees to a prevailing defendant is stringent. *Hughes*, 449 U.S. at 14. "[R]arely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000); *see also Hughes*, 449 U.S. at 15 ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees."). "These limitations apply with special force in actions" brought by a pro se plaintiff, who may not "recognize subtle factual or legal deficiencies in his claims." *Hughes*, 449 U.S. at 14-15; *accord Ayala v. Holmes*, 29 F. App'x 548, 551 (10th Cir. 2002) ("it is rare for fees to be assessed against a pro se plaintiff in a § 1983 action"). Notably, Defendants acknowledge that the Tenth Circuit has adopted the *Christianburg* standard and the inherent difficulty in satisfying it.

(Defs.' Mot. for Award of Attorney's Fees [Doc. 180] 1.)

The *Christiansburg* standard has simply not been met in this case.  Establishment Clause jurisprudence is a difficult and nuanced area of the law, as evinced by the ten separate opinions authored in *McCreary County v. ACLU of Ky.*, 125 S. Ct. 2722 (2005) and *Van Orden v. Perry*, 125 S. Ct. 2854 (2005), as well as the ninety-five pages of decision issued in this case.

Nevertheless, Defendants maintain that, after I issued my November 9, 2006 Memorandum Opinion and Order in *Weinbaum v. City of Las Cruces*, CIV 05-0996 RB/LAM, and entered Judgment in the City of Las Cruces' favor, it "became evident" that Plaintiff's claims in the instant matter were frivolous.  To the contrary, the November 9, 2006  Memorandum Opinion and Order issued in this case made clear that the outcome of this case was *not* clear.  (*E.g.*, Mem. Op. & Order [Doc. 152] 36 ("Upon exhaustive review of the record at bar - and despite the Court's repeated entreaties for further factual development over the course of this litigation's three year pendency - the Court is unable to determine whether Defendants "predominate" purpose regarding the emblem is secular . . . . the record here does not contain admissible evidence regarding why, when, or by whom the emblem was first adopted by Defendants.").)

Throughout this litigation, I emphasized to the parties that any Establishment Clause analysis required meticulous development of the factual record.  Yet, summary judgment could not be granted on all of Plaintiff's claims because Defendants' summary judgment motion was inadequately factually supported.  Necessarily, then, the case went to trial.  Prior to the November 27, 2006 bench trial, the outcome of this legal dispute was not apparent to anyone, let alone a layman like Plaintiff.

This matter concerned fundamental rights.  Although Plaintiff did not prevail, the suit was not frivolous, unreasonable, or groundless.  Defendants are not entitled to attorney fees as prevailing

defendants.  *See Browder*, 427 F.3d at 721.

## 2.      Request for Rule 11 Sanctions.

Defendants seek Rule 11 sanctions in the form of attorney's fees incurred in connection with eleven motions filed by Plaintiff between December 2003 and November 2006.  The "safe harbor" provisions of Rule 11(c)(1)(A) provide that a motion for sanctions "shall be served . . . but not filed with or presented to the court unless, within 21 days after service of the motion" the challenged motions or claims have not been "withdrawn or appropriately corrected."  Fed. R. Civ. P. 11(c)(1)(A).  Defendants do not state whether they complied with these provisions.

"The safe harbor provisions were intended to protect litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formalize procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourage the withdrawal of papers that violate the rule without involving the district court."  *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) (quotations omitted). Compliance with the safe harbor provisions is mandatory; failure to comply is a basis for denying a Rule 11 motion.  *Id.*

While the record was insufficiently developed to determine whether Defendants complied with the safe harbor provisions, it is clear that the purpose of those provisions was thwarted.  The eleven motions of which Defendants complain were all resolved well before Defendants filed their Rule 11 motion.  "Service of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected."  *Roth*, 466 F.3d at 1192 (quotations omitted).  Rule 11 requires that the party submitting the challenged motion be given an opportunity to withdraw the motions. In that the motions have all been ruled upon, Defendants did not afford Plaintiff an opportunity to

4

withdraw his motions.   In that the ultimate goal of Rule 11 is "deterrence, rather than compensation,"
*Hutchinson v. Pfeil,* 208 F.3d 1180, 1183 (10th Cir.2000) (quotations omitted), Rule 11 sanctions
would be inappropriate.[1]

### B.    Defendants' Motion to Tax Costs will be granted in part and denied in part.

Unlike attorney's fees, under Fed. R. Civ. P. 54, "costs other than attorneys' fees shall be
allowed *as of course* to the prevailing party unless the court otherwise directs."   Fed. R. Civ. P.
54(d)(1) (emphasis added).   Still, "the burden is on the party seeking costs . . . to establish the amount
of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that
burden."   *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002) (citation omitted).
A cost award "turns on whether or not the costs are for materials necessarily obtained for use in the
case."   *Id.* at 1248; *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178-79 (10th Cir. 2005) ("The
award of costs under Rule 54(d)(1) rests in the sound discretion of the trial court.   An abuse of such
discretion occurs only where the trial court bases its decision on an erroneous conclusion of law or

---

[1]To the extent Defendants seek attorney's fees pursuant to 28 U.S.C. § 1927, the Court declines to do so.
(*See* Defs.' Reply [Doc. 187] 3 & n.1.)  First, Plaintiff has proceeded, at all times, as a pro se litigant in this
matter; he is not an attorney.  The courts of appeal are divided over § 1927's applicability to parties.  *Ayala*, 29 F.
App'x at 550-51 (acknowledging that "there is a "conflict among the circuits on the question whether § 1927
applies to pro se litigants" (internal quotation marks and citation omitted)); *compare Maguire Oil Co. v. City of
Houston*, 143 F.3d 205, 208 (5th Cir. 1998) (§ 1927 sanctions only available against "attorneys not clients"), *with
Sassower v. Fied*, 973 F.2d 75, 80 (2d Cir. 1992) (§ 1927 inapplicable to non-attorney pro se litigants), *and with
Wages v. I.R..S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (§ 1927 may apply to non-lawyer pro se litigants); *cf.
Inst. for Motivational Living, Inc. v. Doulos Inst. for Strategic Consulting, Inc.*, 110 F. App'x 283, 286 (3d Cir.
2004) (finding it unnecessary to "definitively resolve the issue" because "if § 1927 does not apply to pro se litigants
, then the District Court had inherent authority to impose the identical sanction" for "vexatious litigation").  While
the Tenth Circuit has not yet squarely analyzed the issue, it has indicated that § 1927 applies to attorneys but not
litigants.  *Steinert*, 440 F.3d at 1222 ("§ 1927 is available against only attorneys" (citing *Maguire Oil Co.*, 143
F.3d at 208 ("§ 1927 . . . by its own terms [is] available only against attorneys and not parties")).  Second, in any
event, Plaintiff did not "unreasonably or vexatiously" litigate the underlying case.  *See* 28 U.S.C. § 1927.  As such,
§ 1927 sanctions are clearly inappropriate.  *See Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430
F.3d 1269, 1278 (10th Cir. 2005) ("Sanctions under § 1927  are appropriate when an attorney acts "recklessly or
with indifference to the law.").

where there is no rational basis in the evidence for the ruling." (internal quotation marks and citation omitted)).

Taken together, 28 U.S.C. § 1920 and Local Rule 54 govern when the prevailing parties' costs may be taxed.  *See Marathon Ashland Pipe Line, LLC v. Maryland Cas. Co.*, 243 F.3d 1232, 1254 (10th Cir. 2001).  Both § 1920 and Local Rule 54 allow certain deposition costs, expert witness fees, and trial exhibit expenses to be taxable costs.  Defendants seek $2,320.00 in litigation costs. I address the items, for which Defendants seek reimbursement, in turn:

- **Depositions of Jesse Chavez and Paul F. Weinbaum**: No portion of the Chavez deposition was "admitted into evidence or used at trial for impeachment purposes" or "used by the Court in ruling on a motion for summary judgment."  D.N.M.LR-Civ. 54.2.  Conversely, the Weinbaum deposition was "used by the Court in ruling on" the parties motions for summary judgment.  The Chavez deposition was not, but the Weinbaum deposition was, "reasonably necessary to the litigation."  *Id.*  As such, the Chavez deposition is not a "taxable cost"; the Weinbaum deposition - totaling $266.50 - is a "taxable cost."  D.N.M.LR-Civ. 54.1.

- **Depositions of Charles Davis, Ralph Wilson, John R. Schutz, Louis D. Martinez and Leonel Briseno**:  All of these depositions were "used by the Court in ruling on" the parties motions for summary judgment. *See* D.N.M.LR-Civ. 54.2.  The associated transcription fees - totaling $387.07 - are "taxable costs" and will be awarded to Defendants.

- **Depositions of Ruth H. Bird**:  This deposition was "used by the Court in ruling on" the parties motions for summary judgment.  *See* D.N.M.LR-Civ. 54.2.  The associated transcription fee - totaling $138.13 - is a "taxable cost" and will be awarded to Defendants.

- **Expert Witness Fee - Jon Hunner - Fed. R. Evid. 706 Report:**  Dr. Hunner was a court-appointed Fed. R. Evid. 706 Expert.  (Stipulated Order [Doc. 79] 1.)  The report he authored for this litigation was "used by the Court in ruling on" the parties motions for summary judgment.  *See* D.N.M.LR-Civ. 54.2.  The report did "not exceed $2,500.00" as mandated by the Court.  (Stipulated Order [Doc. 79] 1.)  Defendants' share of the associated fee for Dr. Hunner's report -$625.00 - is a "taxable cost" and will be awarded to Defendants.[2]

---

[2]This ruling does not controvert the Stipulated Order (Doc. 79), filed on November 10, 2005, where the parties agreed to share the expense of the Rule 706 report.  The Stipulated Order, issued during the pendency of this litigation, does not control the assessment of costs pursuant to Rule 54.  *See* Fed. R. Evid. 706(b) (Rule 706 expert is to be paid initially as "the court directs, and thereafter charged in like manner as other costs").

- **Expert Witness Fee - Jon Hunner - Trial Testimony:**  The Court appointed Dr. Hunner as a Fed. R. Evid. 706 Expert in this case.  (Stipulated Order [Doc. 79] 1).  While the Court did not expressly approve a fee amount for Dr. Hunner's trial testimony, it did authorize Dr. Hunner to charge up to $2500.00 for his written report.  (*See id.*)  Because, taken together, the $375.00 trial fee and the $1250.00 written report fee fall well within the $2500.00 ceiling, and also because Dr. Hunner's testimony was promptly noticed by Defendants, and that his testimony provided crucial information about the historical context of the name Las Cruces and the use of crosses in Las Cruces, the Court finds that Defendants are entitled to costs related to Dr. Hunner's trial testimony.  D.N.M.LR-Civ. 54.2(c)(2).

- **Trial Exhibit expenses:**  Local Rule 54.2 provides that the "cost for copying an exhibit is taxable . . . when the copy is admitted into evidence in place of an original."  D.N.M.LR-Civ. 54.2(e).  It also mandates that the "cost of a photograph, 8" x 10" in size or less, is taxable if the photograph is admitted into evidence," but that "photographs larger than 8" x 10"" are "not taxable [costs] unless the Court otherwise orders."  D.N.M.LR-Civ. 54.2(f).  Defendant submitted receipts associated with their claimed "cost[s] to reproduce pictures and documents as  trial exhibits."  (Def. Mot. to Tax Costs [Doc. 179]1.)  Due to the lack of specificity and itemization in Defendants' motion, it is unclear whether the $294.89 Defendants seek are "taxable costs."  *See* D.N.M.L.R.-Civ. 54.2(e)-(f).  As such, subject to the submission of additional documentation, Defendants' request will be denied.

Therefore, the Court will award Defendants with $1831.70 in requested costs, disallow the remaining $488.30.  Costs in the mount of $1831.70 will, therefore, be taxed to Plaintiff.

## III.   Conclusion.

For all the forgoing reasons, Defendants' Motion for Award of Attorney Fees (Doc. 180), filed on January 3, 2007, is **denied**, and Defendants' Motion to Tax Costs (Doc. 179), is **denied in part and granted in part**.

IT IS SO ORDERED.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**